IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONNIE CARR | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-1944-BD |
| | § | |
| TRANSAM TRUCKING, INC. | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ronnie Carr has filed a motion to remand this case to Texas state court. For the reasons stated herein, the motion is denied.

I.

Defendant, a Missouri corporation with facilities in Kansas, Texas, and North Carolina, is a federal motor carrier engaged in the business of delivering freight to destinations throughout the continental United States. (*See* Def. Rem. Not. at 2, ¶ V; Def. Supp. Resp. App., Exh. 1 at 2, ¶ 4 & 3-4, ¶ 9). Plaintiff, a Texas citizen, was formerly employed by defendant as a truck driver. (*See* Plf. Orig. Pet. at 1-2, ¶¶ III & VI; Def. Rem. Not. at 2, ¶ V). On or about November 18, 2005, plaintiff was seriously injured when the truck he was driving overturned while negotiating a right hand turn. (*See* Plf. Orig. Pet. at 2, ¶ VI). Although plaintiff only had been trained to operate a truck with an automatic transmission, the truck provided by defendant was equipped with a 10-speed manual transmission. (*Id.*). Plaintiff alleges that he notified defendant that he was not competent to operate a truck with a manual transmission, but defendant ordered plaintiff to drive the truck anyway. (*Id.*).

On June 27, 2007, plaintiff sued defendant in Texas state court for negligence, gross negligence, and negligence per se. Defendant timely removed the case to federal district court on

the basis of diversity of citizenship. (*See* Def. Rem. Not. at 2, ¶ IV). In its Notice of Removal, defendant alleges that there is complete diversity between the parties because plaintiff is a citizen of Texas, defendant is a Missouri corporation with its principal place of business in Olathe, Kansas, and the amount in controversy exceeds $75,000, exclusive of interest and costs. (*See id.* at 2, ¶¶ IV & V).[1] Plaintiff counters that defendant maintains its principal place of business in Rockwall, Texas, and seeks a remand on that basis. The motion has been fully briefed by the parties and is ripe for determination.

II.

A civil action brought in state court may be removed by a defendant to federal court if "the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). One basis for federal jurisdiction is diversity of citizenship. The diversity statute provides, in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]

*Id*. § 1332(a)(1). A corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. *Id.* § 1332(c)(1). The Fifth Circuit employs a "total activity" test to determine the principal place of business of a corporation. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 920 (5th Cir.), *cert. denied*, 122 S.Ct. 459 (2001). Under the total activity test, the court considers two focal points: (1) the location of the corporation's "nerve center," and (2) its "place of activities." *Teal Energy USA, Inc. v. GT, Inc*., 369 F.3d 873,

---

[1] Although plaintiff alleges that he "seeks no more than $74,000.00 as a result of this accident," (*see* Plf. Orig. Pet. at 6), he specifically pleads damages for medical expenses, pain and suffering, and physical impairment totaling $64,648, together with the maximum amount of damages permitted by Tex. Lab. Code Ann. § 21.2585(d), which is between $50,000 and $300,000. (*See id.*). This pleading is sufficient to satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a)(1). Indeed, plaintiff does not argue otherwise.

876 (5th Cir. 2004). Which of the two focal points predominates depends on the totality of the facts, "including the corporation's organization and the nature of its activities." *Id.*, *citing J.A. Olson Co. v. City of Winona*, 818 F.2d 401, 406 (5th Cir. 1987). Where, as here, corporate operations are far flung, "the sole nerve center of that corporation is more significant in determining principal place of business." *J.A. Olson*, 818 F.2d at 411. The "nerve center" test focuses on the site from which the corporation's business is directed and controlled. *See id.* at 406-08. Among the factors relevant to that determination are: (1) the exclusivity of decision making; (2) the degree of autonomy delegated to other locations; (3) the location of corporate offices; and (4) the amount of managerial authority at a given location. *Id.* at 410-12.

As the party invoking federal diversity jurisdiction, defendant bears the burden of establishing that its principal place of business is in a state other than Texas. *See Howery*, 243 F.3d at 920. Defendant attempts to meet this burden through the affidavit of Perry Sibenaller, Vice-President of Risk Management for TransAm Trucking.[2] According to Sibenaller, defendant is headquartered in Olathe, Kansas, where most of its corporate officers, directors, and managers are located. (*See* Def. Supp. Resp. App., Exh. 1 at 2-3, ¶ 5). Although some management employees work in Texas, all those managers are supervised by a management team located in Kansas. (*Id.*, Exh. 1 at 3, ¶¶ 6-8). Sibenaller further states that:

- all company-wide executive decisions, including decisions concerning facilities, equipment, purchasing, financing,

---

[2] Plaintiff objects that Sibenaller has personal knowledge of "very little information which is relevant, material, and/or admissible in this case." (*See* Plf. Supp. Reply Br. at 1). In his capacity as Vice President of Risk Management, Sibenaller oversees property and casualty claims for defendant, develops risk management strategies, and hires adjusters and lawyers to handle insurance claims. (*See* Def. Supp. Resp. App., Exh. 1 at 1, ¶ 2). The court is satisfied that, based on his position with the company, Sibenaller is competent to testify about the matters set forth in his affidavit. *See Kirby v. SBC Services, Inc.*, No. 3-03-CV-3010-L, 2006 WL 154914 at *5 (N.D. Tex. Jan. 20, 2006), *quoting DIRECTTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) ("A district court may rely upon affidavits . . . where the affiants' personal knowledge and competence to testify are reasonably inferred from their positions and the nature of their participation in the matters to which they swore.") (internal quotations omitted).

> employee compensation and benefits, driver recruitment and retention, marketing strategies, operations, accounting, and risk management, are made by management personnel in Olathe, Kansas;
>
> - all lower level employees, including personnel located in Texas, are required to implement and follow company-wide policies made in Olathe, Kansas;
>
> - all computer operations and financial operations are run by personnel located in Olathe, Kansas;
>
> - the majority of drivers employed by defendant are trained in Olathe, Kansas and dispatched and managed from Olathe, Kansas;
>
> - a majority of the 1,200 trucks operated by defendant are maintained in Olathe, Kansas;
>
> - most sales and marketing activities are conducted out of Olathe, Kansas; and
>
> - the limited activities conducted by defendant at its Texas facility, including maintenance of 250 tractors, driver training, and driver recruitment, are supervised and controlled by management personnel in Olathe, Kansas.

(*See id.*, Exh. 1 at 3-7, ¶¶ 9-14, 16, 20).

Plaintiff does not dispute any of these facts. Instead, he relies on information from defendant's website, www.transamtruck.com, and the business card of John Bledsoe, Vice President and General Manager of the Texas facility, as evidence that defendant transacts business in Texas. (*See* Plf. Reply App., Exhs. 1 & 2). The mere fact that a corporation operates a branch or satellite facility in a particular state does not mean the corporation has its principal place of business in that state. There can be only one principal place of business for diversity purposes. *See J.A. Olson*, 818 F.2d at 406. In this case, defendant has proved by a preponderance of the evidence that its principal place of business is in Olathe, Kansas.

## CONCLUSION

Plaintiff's motion to remand [Doc. #14] is denied.

SO ORDERED.

DATED: March 17, 2008

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE