IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONNIE CARR | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-1944-BD |
| | § | |
| TRANSAM TRUCKING, INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Defendant TransAm Trucking, Inc., a federal motor carrier, has filed a motion to compel arbitration of all claims asserted by one of its former drivers in this personal injury action. In his complaint, plaintiff alleges that he was seriously injured when the truck he was driving overturned while negotiating a right hand turn. (*See* Plf. Orig. Pet. at 2, ¶ VI). Although plaintiff had been trained to operate a truck with an automatic transmission, the truck provided by defendant was equipped with a 10-speed manual transmission. (*Id.*). Plaintiff states that he notified defendant that he was not competent to operate a truck with a manual transmission, but defendant ordered plaintiff to drive the truck anyway. (*Id.*).

Defendant now moves to compel arbitration under the Federal Arbitration Act ("FAA), 9 U.S.C. § 1, *et seq*. The motion is predicated on two documents signed by plaintiff just six days prior to the accident. One document, entitled "Mutual Agreement to Arbitrate Claims," provides, in pertinent part:

> Federal Arbitration Act Applies
>
> Company is engaged in "commerce" as that term is defined in Section 1 of the Federal Arbitration Act ("FAA"). The FAA governs all aspects of the Agreement.

> Arbitration is Mandatory for Covered Claims
>
> Covered Claims shall be exclusively resolved by binding arbitration. While both Claimant and Company retain all substantive legal rights and remedies under this Agreement, Claimant and Company are both waiving all rights which either may have with regard to trial, whether by jury or non-jury, in state or federal court for any Covered Claim.
>
> Scope of Arbitration Agreement
>
> a.  Claims Covered by This Agreement
>
> This Agreement is mutual, covering all claims that Company or Claimant may have which arise from any injury suffered by Claimant while in the Course and Scope of Claimant's employment with the Company, including but not limited to, claims for negligence, gross negligence, and all claims for personal injuries, physical impairment, disfigurement, pain and suffering, mental anguish, wrongful death, survival actions, loss of consortium and/or services, medical and hospital expenses, expenses of transportation for medical treatment, expenses of drugs and medical appliances, emotional distress, exemplary or punitive damages and any other loss, detriment or claim of whatever kind and character.

(Def. Mot. App., Exh. 1 at 1, ¶¶ 3-5). The second document, entitled "Receipt of SPD and Mutual Agreement to Arbitrate Acknowledgment," provides:

> I also acknowledge and agree, as a condition of my commencing or continuing employment with TransAm Trucking, Inc., that **all claims or disputes relating to any on-the-job injury (that cannot otherwise be resolved between the Company and me) must be submitted to an arbitrator)** and shall be exclusively resolved by binding arbitration, rather than a judge and jury in the court. I understand that the Company is also accepting and agreeing to comply with these arbitration requirements. All covered claims that may be brought by my spouse, children, beneficiaries, representatives, executors, administrators, guardians, heirs or assigns are also subject to this arbitration requirement, and any decision of an arbitrator will be final and binding on such persons and the Company. As a further condition of my commencing or continuing employment with TransAm Trucking, Inc. I will be required to sign and return to the Company a Mutual Agreement to Arbitrate Claims which details the arbitration requirements.

(*Id.*, Exh. 2) (emphasis in the original). Defendant argues that these documents require plaintiff to submit his claims for negligence, gross negligence, and negligence per se to binding arbitration. Plaintiff counters, *inter alia*, that FAA does not apply to employment contracts of transportation workers who are engaged in the movement of goods in interstate commerce. The issues have been fully briefed by the parties and the motion is ripe for determination.[1]

Section 2 of the FAA provides:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. However, section 1 of the Act specifically excludes "contracts of employment of seamen, railroad employees, *or any other class of workers engaged in foreign or interstate commerce.*" *Id.* § 1 (emphasis added). The Supreme Court has interpreted this provision to exempt from the FAA employment contracts of transportation workers "actually engaged in the movement of goods in interstate commerce." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 112, 121 S.Ct. 1302, 1307, 149 L.Ed.2d 234 (2001). Truck drivers, like plaintiff, are considered "transportation workers" within the meaning of this exemption. *See, e.g. Harden v. Roadway Package Systems, Inc.*, 249 F.3d 1137, 1140 (9th Cir. 2001); *Lorntzen v. Swift Transportation, Inc.*, 316 F.Supp.2d 1093, 1095 (D. Kan. 2004); *Rosen v. Transx Ltd.*, 816 F.Supp. 1364, 1371 (D. Minn. 1993). *Cf. Lenz v. Yellow Transportation, Inc.*, 431 F.3d 348, 351 (8th Cir. 2005) (stating that "if [plaintiff] were a truck driver, he would be considered a transportation worker under § 1 of the FAA").

---

[1] Plaintiff seeks leave to file a sur-reply in order to object to certain evidence presented by defendant in its reply brief. None of the evidence submitted by defendant impacts the disposition of the motion to compel arbitration. Accordingly, plaintiff's motion for leave to file a sur-reply [Doc. #31] is denied as unnecessary. *See Continental Casualty Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3-04-CV-1866-D, 2006 WL 984690 at *1 n.6 (N.D. Tex. Apr. 14, 2006) (overruling as moot objections to evidence that is not considered by the court in deciding underlying motion).

Defendant does not dispute that plaintiff is a "transportation worker" within the meaning of section 1 of the FAA. (*See* Def. Supp. Br. at 2). Rather, defendant argues that the arbitration agreement does not constitute a "contract of employment." (*Id.*). The court disagrees. Other courts have held that an "employment contract," as that term is used in section 1, is a "contract between an employer and an employee in which the terms and conditions of employment are stated." *Awe v. I & M Rail Link, L.L.C.*, No. C04-3011-PAZ, 2007 WL 2572405 at *5 (N.D. Iowa Sept. 4, 2007), *quoting* Black's Law Dictionary 321 (7th ed. 1999). Here, the Arbitration Acknowledgment signed by plaintiff unambiguously provides that his agreement to arbitrate claims relating to on-the-job injuries is "a *condition of my commencing or continuing employment* with TransAm Trucking, Inc." (Def. Mot. App., Exh. 2) (emphasis added). Indeed, defendant previously argued to the court that plaintiff executed the Mutual Agreement to Arbitrate Claims "in exchange for acceptance of at-will employment and defendant's Occupational Injury Employee Benefit Plan[.]" (Def. Reply at 2). It is clear that plaintiff's agreement to arbitrate was a condition of his employment and formed part of his employment contract with defendant. Any argument to the contrary strains credulity. *See Brown v. Nabors Offshore Corp.*, 339 F.3d 391, 392 (5th Cir. 2003) (employer's letter informing seamen-employees of a new mandatory arbitration policy was an unenforceable arbitration agreement under section 1 of the FAA). *Cf. Terrebonne v. K-Sea Transportation Corp.*, 477 F.3d 271, 278-80 (5th Cir. 2007) (post-injury agreement to arbitrate was not part of a seaman's employment contract and not subject to the section 1 exemption because agreement did not purport to employ seaman or modify terms or conditions of employment); *Garza Nunez v. Weeks Marine, Inc.*, No. 06-3777, 2007 WL 496855 at *3 (E.D. La. Feb.13, 2007) ("No language exists in the contract itself that indicates the Plaintiff's acceptance of the agreement as a condition of his

continued employment, nor does it otherwise modify the Plaintiff's employment status or alter the terms of his employment.").

For these reasons, defendant's motion to compel arbitration [Doc. #18] is denied.

SO ORDERED.

DATED: April 14, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE