IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONNIE CARR | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-1944-BD |
| | § | |
| TRANSAM TRUCKING, INC. | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM ORDER**

Defendant TransAm Trucking, Inc. ("TransAm") has filed a motion for summary judgment in this personal injury action brought by one of its former employees, Plaintiff Ronnie Carr, for negligence, gross negligence, and negligence per se under Texas law. The gravamen of plaintiff's claims is that defendant assigned him a Super 10 Freightliner Century truck equipped with a 10-speed manual transmission, knowing that plaintiff had been trained on a truck with an automatic transmission and was not competent to operate the assigned rig. Due to his inexperience and inadequate training by defendant, plaintiff alleges that he was unable to negotiate a difficult right hand turn onto an interstate highway, causing the truck to overturn. Plaintiff sustained serious personal injuries in the rollover accident. Defendant now moves for summary judgment on the grounds that there is no evidence defendant breached any duty of care owed to plaintiff or engaged in any conduct that caused plaintiff's injuries, and that a violation of the Texas statute cited by plaintiff does not give rise to a cause of action for negligence per se. The issues have been fully briefed by the parties and the motion is ripe for determination.

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). A party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the burden shifts to the nonmoving party to produce evidence or designate specific facts in the record showing the existence of a genuine issue for trial. *See Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Foulston Siefkin LLP v. Wells Fargo Bank of Texas N.A.*, 465 F.3d 211, 214 (5th Cir. 2006).

Judged against these standards, the court determines that genuine issues of material fact preclude summary judgment on plaintiff's negligence and gross negligence claims. The summary judgment record contains ample evidence that defendant knew plaintiff was not qualified to operate a truck equipped with a manual transmission. Plaintiff testified at his deposition that he was trained on a truck with an automatic transmission, that he had never driven or even heard of a Super 10 truck before receiving his permanent rig assignment, and that he told his trainer he was not familiar with the Super 10 truck. (*See* Plf. MSJ App. at 21, 43-44, 46, 50, 136-37; Def. MSJ App. at 15). If defendant knew or should have known that plaintiff was not competent to operate the truck, it had a duty to provide additional training or instruction before entrusting the vehicle to him. *See, e.g. Farley v. M M Cattle Co.*, 529 S.W.2d 751, 754 (Tex. 1975) (an employer's duty to instruct applies to an inexperienced employee); *W.E. Grace Manufacturing Co. v. Arp*, 311 S.W.2d 278, 281 (Tex.

Civ. App.--Dallas 1958, writ ref'd n.r.e.) ("[I]n the case of an employee who is known by the employer to be inexperienced in the type of work to which he is assigned, or in the use of a dangerous machine, there is a duty on the part of the employer to instruct the employee."). That plaintiff held a Class A Commercial License and passed several driving tests does not establish his competence as matter of law. *See Williams v. Steves Industries, Inc.*, 699 S.W.2d 570, 574 (Tex. 1985) (noting that "[s]ome incompetent drivers are licensed, and some competent drivers are unlicensed"). Because there is at least some evidence that the accident in question was caused by plaintiff's inexperience and lack of training, summary judgment is not proper.

The court reaches a different conclusion with respect to plaintiff's negligence per se claim. "Negligence per se is a concept whereby a legislatively imposed standard of conduct is adopted by the civil courts as defining the conduct of a reasonable and prudent person." *All Freight Systems v. James*, 115 Fed.Appx. 182, 184, 2004 WL 1739485 at *2 (5th Cir. Aug. 4, 2004), *citing Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 278 (Tex. 1979). An unexcused violation of a statute constitutes negligence per se if that statute was designed to protect the class of persons to which the injured party belongs and the injury is of a type the statute was designed to prevent. *Id.*, 2004 WL 1739485 at *3, *citing Perry v. S.N.*, 973 S.W.2d 301, 305 (Tex. 1998). In this case, the statute cited by plaintiff as establishing the relevant standard of conduct, Tex. Lab. Code Ann. § 21.2585(a),[1] applies only to unlawful discrimination in the employment context. *See, e.g. Stewart*

---

[1] This statute provides:

> On a finding that a respondent engaged in an unlawful intentional employment practice as alleged in a complaint, a court may, as provided by this section, award:
>
> (1)  compensatory damages; and
>
> (2)  punitive damages.

TEX. LAB. CODE ANN. § 21.2585(a) (Vernon 2006).

*v. Sanmina Texas L.P.*, 156 S.W.3d 198, 208 (Tex. App.--Dallas 2005, no pet.) ("One express purpose of chapter 21 of the Labor Code is to provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments.") (internal quotations omitted); *Thomann v. Lakes Regional MHMR Center*, 162 S.W.3d 788, 796 (Tex. App.--Dallas 2005, no pet.) (same as to ADA). Nothing in the statute or legislative history suggests that section 21.2585(a) was intended to protect employees who are injured in motor vehicle accidents caused by the negligence or gross negligence of their employer. Defendant is therefore entitled to summary judgment with respect to this claim.

## CONCLUSION

For these reasons, defendant's motion for summary judgment [Doc. #59] is granted in part and denied in part. The motion is granted with respect to plaintiff's claim for negligence per se. In all other respects, the motion is denied. The court will set this case for trial by separate order.

SO ORDERED.

DATED: March 23, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE